UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN M. RECKNAGLE,<br><br>            Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>            Defendant. | CASE NO. 3:17-CV-05964-TSZ-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: October 12, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkt. 10, 11, 12.

After considering and reviewing the record, the Court finds that the ALJ erred in rejecting the opinion of examining psychologist Dr. Cline. The ALJ determined that plaintiff had the residual functional capacity to understand and follow simple tasks, which is contrary to Dr.

Cline's opinion that plaintiff would have moderate difficulty in this area. The ALJ did not give specific and legitimate reasons for rejecting this portion of Dr. Cline's opinion.

The ALJ's error is not harmless, and this Court recommends that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Report and Recommendation. Because the ALJ's errors relating to Dr. Cline's opinion affect the entire proceedings and plaintiff will be able to present new evidence and new testimony on remand, the ALJ must re-evaluate all of the medical evidence, reassess plaintiff's testimony, the RFC, and the findings at steps four and five, if necessary.

## BACKGROUND

Plaintiff, RYAN RECKNAGLE, was born in 1978 and was 31 years old on the amended alleged disability onset date of July 15, 2010. *See* AR. 38, 202-10. Plaintiff completed high school. AR. 38. Plaintiff has some work history doing odd jobs and janitorial work. AR. 43-44, 246-53.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease, lymphedema, essential hypertension, obesity, and learning disorder (20 CFR 404.1520(c))." AR. 20.

At the time of the hearing, plaintiff was living with his parents. AR. 46.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See*

1  AR. 87, 99. Plaintiff's requested hearing was held before Administrative Law Judge Tom L.

2  Morris ("the ALJ") on March 31, 2015. *See* AR. 36-84. On July 7, 2016, the ALJ issued a

3  written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the

4  Social Security Act. *See* AR. 15-35.

5        On September 22, 2017, the Appeals Council denied plaintiff's request for review,

6  making the written decision by the ALJ the final agency decision subject to judicial review. AR.

7  1-6; *see* 20 C.F.R. § 404.981.  Plaintiff filed a complaint in this Court seeking judicial review of

8  the ALJ's written decision in November, 2017. *See* Dkt. 1.  Defendant filed the sealed

9  administrative record regarding this matter ("AR") on January 22, 2018.  *See* Dkt. 6.

10        In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether the ALJ's

11  residual functional capacity assessment is free of legal error when he failed to find that plaintiff

12  needs to elevate his legs during the workday; and (2) Whether the ALJ gave legally sufficient

13  reasons for rejecting the opinion of examining psychologist R.A. Cline, Psy.D., who found that

14  plaintiff would have moderate limitations in his ability to perform simple, repetitive tasks.  *See*

15  Dkt. 10, p. 1.

16

17                              STANDARD OF REVIEW

18        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

19  social security benefits if the ALJ's findings are based on legal error or not supported by

20  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

21  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

22

23

24

DISCUSSION

**I.     Whether the ALJ gave legally sufficient reasons for rejecting the opinion of examining psychologist R.A. Cline, Psy.D.**

Plaintiff argues that the ALJ failed to give legally sufficient reasons for rejecting the July 2013 opinion of examining psychologist, Dr. R.A. Cline, PsyD. AR. 26. The ALJ gave significant weight to the nonexamining state agency psychological consultant Dr. Gilbert, PhD. AR. 27. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). The Ninth Circuit has held that "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

The ALJ stated that he gave significant weight to nonexamining physician Dr. Gilbert's opinion because it was consistent with mental status exams and the claimant's history of special education. AR. 27. The ALJ also stated that Dr. Gilbert's opinion was "consistent with noted observations by examiners of…" AR 27. It is unclear which examiners the ALJ was referring to, as the sentence is cutoff. *Id.* A nonexamining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v.Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir.)).  Here, the ALJ made a conclusory statement that Dr.

Gilbert's opinion is consistent with other evidence in the record, but did not state what the other evidence is. Therefore, the ALJ's reason for giving greater weight to the nonexamining psychologist is not based on substantial evidence.

In giving partial weight to examining psychologist Dr. Cline's opinion, the ALJ stated that he gave "more weight" to the part of Dr.Cline's assessment that stated plaintiff would have no limitation in his ability to complete a normal workday and workweek without "interruptions from psychologically based symptoms." AR. 26. The ALJ stated that this part of the opinion was consistent with the overall medical evidence because plaintiff's mental status exams are generally mild or within normal limits. AR. 26. However, such a conclusory assertion by the ALJ does not reach the level of specificity required to reject the opinion of a treating physician. *See Embrey v. Bowen,* 849 F.2d 418, 421–23 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the [treating] doctors', are correct.") (footnote omitted); *see also McAllister v. Sullivan,* 888 F.2d 599, 602 (9th Cir. 1989) (finding that rejecting the treating physician's opinion on the grounds that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The ALJ stated that he gave less weight to the portion of Dr. Cline's opinion that stated plaintiff was markedly limited in his ability to understand, remember, and persist in tasks by following detailed instructions. AR. 26. The ALJ discounted this part of the opinion stating that plaintiff "appeared to have comprehension and learning problems… [y]et [Dr. Cline] indicated

that [plaintiff] needed a full IQ workup. AR. 26.  It is difficult to understand why the ALJ believes that the need for further IQ testing discounts the opinion that plaintiff has difficulty with comprehension. Moreover, the ALJ states that plaintiff had normal memory and concentration on a mental status exam. AR. 26. Normal memory and concentration are not inconsistent with having a learning disability or difficulty with comprehension; nor are they dispositive of plaintiff's ability to engage in substantial gainful activity. Therefore, the ALJ did not give specific, legitimate reasons for discounting Dr. Cline's opinion.

Dr. Cline completed an assessment rating plaintiff's ability to sustain basic work activity on an ongoing, independent basis. AR. 466-69. The assessment contains thirteen categories with a check box rating each category mild to severe. AR. 467. The ALJ only addresses two of the thirteen work activity ratings.  Among those the ALJ did not address are:

- moderate limitations in understand, remember, and persist in tasks by following very short and simple instructions
- moderate limitations and learning new tasks
- moderate limitations and adapting to changes in a routine work setting
- moderate limitations to making simple work-related decisions
- moderate limitations to asking simple questions or requesting assistance
- moderate limitations to communicate and perform effectively in a work setting
- moderate limitations to setting realistic goals and planning independently

AR. 467.  In addition to the above mentioned moderate limitations, Dr. Cline opined that plaintiff had moderate learning problems that would affect plaintiff's ability to learn new tasks. AR. 466. He also noted that plaintiff had comprehension and learning problems and suggested a full IQ workup. AR. 468. Finally, Dr. Cline stated that plaintiff should be referred vocational rehabilitation for "assistance in finding employment at which he can succeed," which indicates that Dr. Cline does not believe that plaintiff is capable of competitive employment. *Id*.  When presented with an ALJ's failure to discuss medical opinion evidence, the Ninth Circuit concluded that the doctor's opinion that it was unlikely that the claimant could sustain full-time competitive

employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (*citing* 20 C.F.R. § 404.1527(d)(1)).

The ALJ acknowledges that plaintiff has a history of special education and cognitive impairment and stated that he completely compensates for possible cognitive and social related limitations in the RFC. AR. 26.  However, the ALJ stated in the RFC that plaintiff "can understand and follow simple instructions," which is contrary to Dr. Cline's opinion that plaintiff would have moderate difficulty in this area. AR. 22, 467.  The ALJ does not account for any of the moderate limitations in the RFC and he does not address why they were not included. AR. 26, 467.  According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton v. Secretary of Health & Human Servs.*, 865 F.2d 1352, 1356 (9th Cir. 1988) (footnote omitted).

The ALJ's implicit rejection of nine moderate limitations without discussion also suggests improper "cherry-picking" of aspects of the record that support the ALJ's decision, while failing to develop the record on aspects of the record that support a finding of disabling limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly

cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("by cherry-picking Dr. Mahmood's file to locate a single treatment note that purportedly undermines her overall assessment of [the claimant's] functional limitations, the ALJ demonstrated a fundamental, but regrettably all-too-common, misunderstanding of mental illness") (collecting cases) (citations omitted).

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (*citing* 20 C.F.R. § 404.1527(c)). Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See Hill, supra* 698 F.3d at 1162. Moreover, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). Therefore, this Court concludes that the ALJ's improper rejection of Dr. Cline's opinion was not harmless error.

## II. Plaintiff's remaining arguments.

Plaintiff also contends that the ALJ failed to properly evaluate plaintiff's subjective symptom testimony and that the ALJ failed to properly determine plaintiff's RFC. Dkt. 10, p. 4, 8. In Section I, the Court concludes that the ALJ committed harmful error in assessing Dr. Cline's opinion and must re-evaluate all of the medical evidence on remand. On remand, plaintiff will be able to present new evidence and new testimony. *See* POMS, GN 03106.036 *Court Remand Orders*, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018); *see also Bartlett*, 2017 WL 2464117 at *4. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Because the Court has found that the ALJ erred in rejecting Dr. Cline's opinion, it follows that the ALJ should reassess the RFC in light of the reconsidered evidence. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

Plaintiff's request for relief is for this matter to be remanded for further proceedings. Dkt. 10, p. 11.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

1 the Acting Commissioner for further proceedings consistent with this Report and

2 Recommendation.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

3   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7 imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 12**,**

8 2018, as noted in the caption.

9   Dated this 26th day of September, 2018.

12   /s/ J. Richard Creatura

13   J. Richard Creatura
    United States Magistrate Judge